IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                                                                             No. CR 06-1108 JB

JOEL FLORIANO-MARTINEZ,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Defendant's Sentencing Memorandum, filed December 15, 2006 (Doc. 22)("Sentencing Memo"); and (ii) the Defendant's Objection to Presentence Report, filed January 25, 2007 (Doc. 24)("Objection"). The Court held sentencing hearings on December 19, 2006 and January 25, 2007. The primary issue is whether Defendant Joel Floriano-Martinez' conviction for resisting arrest, which is a felony, should be considered an aggravated felony under the Guidelines warranting an eight-level enhancement. For the reasons stated at the January 25 sentencing hearing, and because the Court finds that the record before it does not demonstrate by a preponderance of the evidence that the crime to which Floriano-Martinez pled guilty involved violence, the Court will sustain Floriano-Martinez' objection.

## PROCEDURAL BACKGROUND

On June 7, 2006, Floriano-Martinez pled guilty to an information charging him with reentry of a deported alien previously convicted of an aggravated felony. See Plea Agreement at 2, 8, filed June 7, 2006 (Doc. 16). The United States Probation Office ("USPO") prepared a Pre-sentence Report ("PSR"), and Floriano-Martinez's counsel represented in his Sentencing Memorandum that

he discussed its contents, paragraph by paragraph, with the Floriano-Martinez. See Sentencing Memo at 1. In his Sentencing Memorandum, Floriano-Martinez stated that he did not have any objection to the PSR. See id. at 1-4. In the Sentencing Memorandum, Floriano-Martinez' counsel also represented that he had reviewed the USPO's calculation of the sentencing guidelines that apply to this case and had discussed their application with Floriano-Martinez. See id. at 1. Floriano-Martinez also agreed that his total offense level is 12 and his criminal history category is IV, yielding a guideline imprisonment range of 21 to 27 months. See id.

At Floriano-Martinez' first sentencing hearing before the Court on December 19, 2006, the Court sua sponte raised the question whether Floriano-Martinez' conviction for possession of cocaine was an aggravated felony in view of the Supreme Court of the United States' recent decision in Lopez v. Gonzales, 127 S.Ct. 625 (decided December 5, 2006). See Hearing Transcript at 5:9-6:10 (Court)(taken December 19, 2006).[1] At the December 19 sentencing hearing, the Court also raised the question whether Floriano-Martinez' conviction for resisting arrest, also a felony, qualified as an aggravated felony that would independently support an eight-level enhancement of Floriano-Martinez' sentence. See id. at 6:11-25 (Court).

Subsequent to the December 19, 2006 sentencing hearing, the USPO issued an Addendum to the PSR in which it stated that, pursuant to Lopez v. Gonzales, Floriano-Martinez' convictions for possession of cocaine are not aggravated felonies and, therefore, do not subject him to an eight-level enhancement under the sentencing Guidelines. See Addendum to the PSR at 1, dated January 25, 2007. At the January 25, 2007 sentencing hearing, Floriano-Martinez concurred with, and the United

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

States did not oppose, the USPO's opinion regarding the past convictions for cocaine possession. See Transcript at 3:9-11 (Gonzales)(taken January 25, 2007)("January 25 Transcript"). As such, the only issue remaining before the Court is whether Floriano-Martinez' conviction for resisting arrest should be considered an aggravated felony.

The California criminal Information that the United States presented to the Court charged Floriano-Martinez in Count 2 with resisting arrest under California Penal Code section 69. Pursuant to section 69, the Information charged Floriano-Martinez with two types of criminal conduct stated in the disjunctive. See Objection, Exhibit A, Information at 2. The Information charged him with resisting arrest "by means of threats or violence" or "by the use of force or violence." See id.

## CRIME OF VIOLENCE

The definition of a crime of violence in 18 U.S.C. § 16(a) is "an offense that has as an element the use, attempted use or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). This definition of crime of violence is also set out in U.S.S.G. § 2L1.2, cmt. n. 1(B)(iii). 18 U.S.C. § 16(b) includes as a crime of violence "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b). In determining whether an offense is a crime of violence, courts should employ a "categorical approach." Taylor v. United States, 495 U.S. 575, 575-77 (1990). The categorical approach applies to convictions resulting from pleas. See Shepard v. United States, 544 U.S. 13, 26 (2005). Under that approach, "the generic elements of the offense and not the particular facts of the crime" guide a court's analysis. United States v. Martinez-Candejas, 347 F.3d 853, 858 (10th Cir. 2003). See Serva-Lozano v. Gonzales, No. 05-9607, 2007 WL 211282, at *2 (10th Cir. January 29, 2007).

**LAW REGARDING EVIDENCE OF PRIOR PLEAS**

In Shepard v. United States, 544 U.S. 13 (2005), the Supreme Court of the United States held that an enquiry into the facts underlying a prior plea of guilty is limited to the terms of the charging document, to the terms of the plea agreement, to the transcript of colloquy between a judge and a defendant in which the defendant confirms the factual basis for the plea, or to "some other comparable judicial record of this information." Id. at 26. The Shepard Court expressly rejected the United States' argument that courts be allowed to consider police reports to determine facts underlying guilty pleas. See id. at 22-23.

**ANALYSIS**

Floriano-Martinez' conviction for resisting arrest can qualify as an aggravated felony under 8 U.S.C. § 1101(a)(43)(f) only if it is a crime of violence. Because the Information to which Floriano-Martinez pled guilty charged him with two types of criminal conduct in the disjunctive, that document does not make clear whether he pled to an offense amounting to a crime of violence. The Information charged Floriano-Martinez with resisting arrest "by means of threats or violence" or "by the use of force or violence." The Court believes that the latter means of resisting arrest would qualify as a crime of violence, but that the former may not. The United States did not provide the Court with any evidence that the Court can consider, see Shepard v. United States, 544 U.S. at 26, that clarifies whether the conduct to which Floriano-Martinez pled guilty amounts to a crime of violence. As such, and for the reasons stated on the record at the time of the sentencing hearing, see January 25 Transcript at 12:12-13:6 (Court), the Court will sustain Floriano-Martinez' objection to the PSR. The Court does not believe that the record before it shows by a preponderance of the evidence that the actual charge to which Floriano-Martinez pled was one involving violence. The

Court notes that, at the January 25 sentencing hearing, the United States conceded that, under Shepard v. United States, it would be problematic for the Court to find that, with the record before it, Floriano-Martinez' resisting arrest conviction was a crime of violence. See January 25 Transcript at 11:3-22 (Ortega).

**IT IS ORDERED** that Floriano-Martinez' Objection to Presentence Report is sustained. The Court will not apply the guideline enhancement pertaining to prior aggravated felonies.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

David C. Iglesias
  United States Attorney
Roberto D. Ortega
  Assistant United States Attorney
United States Attorney's Office
District of New Mexico
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Benjamin A. Gonzales
  Assistant Federal Public Defender
Federal Public Defender
Albuquerque, New Mexico

    *Attorney for the Defendant*